ANDREA SUÁREZ-GONZÁLEZ, Intervenor and Appellee, *v.* CENTRAL PASTO VIEJO, Defendant and Appellant.

No. 3597. Argued March 10, 1926.—Decided July 9, 1926.

*Henry G. Molina* and *González Fagundo & González, Jr.,* for the appellant. *Rafael López Antongiorgi* and *F. Cervoni Gely* for the intervenor.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Andrea Suárez de González brought an action of intervention claiming ownership of certain cattle attached in an action of debt brought by the corporation Central Pasto Viejo against Arturo Aponte, Jr., Antonio González and José López del Valle individually and as members of the partnership of Aponte & González. The action of intervention was brought to trial and judgment was rendered for the plaintiff therein, whereupon the defendant corporation took the present appeal.

The last paragraph of section 14 of the Act to provide for the trial of the right to personal property of March 14, 1907, reads as follows:

"Such judgment shall be rendered in favor of the prevailing party in the suit wherein the writ of attachment or any other writ was issued, which gave rise to the claim of a third party, and when such judgment shall be rendered in favor of the plaintiff in the writ, or of the several plaintiffs, if more than one, there shall be fixed in said judgment the amount of each plaintiff's claim and the priority of such claims. In all cases other than those for non-appearance of plaintiff, or those of default by the defendant, the judge shall reserve judgment in the case of the claim of a third party

until judgment shall be rendered in the suit giving rise to the third party's claim." Laws of Porto Rico, 1907, p. 314.

The complaint in the suit which gave rise to the action of intervention was dismissed as regards defendants Arturo Aponte, Jr., and José López del Valle, and that judgment was affirmed by this court on appeal. *Ante,* page 190. This being the outcome of the main suit, *ipso jure* the attachment is void and the issue in the action of intervention therefore becomes academic. The fact that in the original action the other defendant, Antonio González, was adjudged individually to pay to the plaintiff corporation the amount of money claimed by it is no reason for reaching a different conclusion, inasmuch as the plaintiff proceeded on the theory that the defendants were members of the partnership of Aponte & González and the property upon which the attachment was levied was attached as belonging to the said partnership, but this theory was in no way supported by the evidence.

In any event it appears that three days before the attachment was levied, or on November 6, 1922, the intervenor had acquired the attached property from Luciano R. Fuertes, Antonio González and Arturo Aponte, who in 1919 had formed a partnership for agricultural purposes which was the owner of the said property.

For all of the foregoing the judgment appealed from should be affirmed.